IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02717–WDM–KMT

E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation,

    Plaintiff,

v.

TEFLON BLOOD INCORPORATED,

    Defendant.

---

## ORDER

---

    This matter is before the court on "Defendant Teflon Blood, Inc.'s Motion to Stay All Discovery Pending Resolution of Motion To Dismiss or in the Alternative to Transfer." (Doc. No. 29, filed Apr. 29, 2010 [hereinafter "Mot."].)  Plaintiff filed its Response to the Motion on May 6, 2010.  (Doc. No. 32 [hereinafter "Resp."].)  Defendant filed its Reply on May 12, 2010. (Doc. No. 33 [hereinafter "Reply"].)  In its Motion, Defendant seeks a stay of all discovery in this case until the district court rules on Defendant's "Motion to Dismiss or in the Alternative to Transfer, with Incorporated Memorandum of Law" (Doc. No. 21, filed Mar. 19, 2010 [hereinafter "Mot. to Dismiss"]).  (Mot. at 1.)

    A stay of all discovery is generally disfavored in this District.  *See Chavez v. Young Am. Ins. Co.,* No. 06–cv–2419–PSF–BNB, 2007 WL 683973 (D. Colo. Mar. 2, 2007).  However, the court has broad discretion, pursuant to Fed. R. Civ. P. 26(c), to stay an action while a dispositive

motion is pending.  *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright, et al., Federal Practice and Procedure § 2040, at 521-22 (2d ed. 1994)  ("when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) (same).

When considering a stay of discovery, the court may consider and weigh: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *String Cheese Incident,* 2006 WL 894955, at *2 (internal citation omitted).

As to the first factor, the court acknowledges that a plaintiff has a general "right to pursue its case and vindicate its claim expeditiously."  *Id.* (internal citations omitted).  Similarly, the court recognizes Plaintiff's interest in avoiding continuing injury due to Defendant's alleged violations of its trademark.  However, turning to the second factor, courts in this district have found that forcing a party to engage in discovery when a motion to dismiss based on a lack of personal jurisdiction is pending would subject that party to undue burden or expense if the motion to dismiss is later granted.  *Id*.

Despite this latter authority, Plaintiff seeks to avoid a stay on grounds that even if Defendant's Motion to Dismiss is granted, this suit will not be dismissed in its entirety; rather it

will likely be transferred to another district—namely, the Central District of California. (Resp. at 3–6.) Thus, Plaintiff essentially concludes that discovery might as well continue in this court as it is more or less inevitably going to occur in *some* federal district court. (*Id.* at 3–4.) In support of this argument, Plaintiff relies upon a recent ruling by this court to deny a stay of discovery, notwithstanding the fact that a motion to dismiss based on the jurisdictional defense of a binding arbitration agreement was pending before the district court. *Waisanen v. Terracon Consultants,* 09–cv–01104–MSK–KMT, 2009 WL 5184699, at *1 (Dec. 22, 2009). In that case, the court held that because "at some point, regardless of the outcome of the pending Motion to Dismiss, a merits analysis would need to be undertaken in one forum or another." *Id.* at *2.

The court finds *Waisanen* to be distinguishable from the case at bar. Here, the question is not whether Defendant will be burdened by submitting to discovery generally; if that were the case, the court might agree with Plaintiff that discovery on the merits of this case is inevitable. Rather, Defendant's Motion to Dismiss implicates the issue of whether requiring Defendant to litigate this case *in this jurisdiction*—including engaging in discovery—would offend "traditional notions of fair play and substantial justice" and constitutional due process. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316. When the issue is considered in this light the holding in *String Cheese Incident* becomes clear; if the district court were to conclude that this court has no personal jurisdiction over Defendant after this court required the parties to conduct discovery, then Defendant would likely be irreparably prejudiced by having engaged in expensive and burdensome discovery in a court that had no jurisdiction over it. *String Cheese Incident,* 2006 WL 894955, at *2.

Defendant has offered far more than conclusory, frivolous, or pretextual allegations as to why jurisdiction is lacking—the Motion to Dismiss features legal analysis with factual support. Accordingly, the court determines that Plaintiff's general interest in having its case proceed expeditiously is outweighed by the burden on Defendant of going forward with discovery in a potentially improper jurisdiction.[1] *See String Cheese,* 2006 WL 894855, at *4.

The court also considers its own convenience, the interests of non-parties and the public interest in general. Plaintiff argues that the public interest "in the speedy and efficient resolution of disputes" and the social concern of a "decrease in evidentiary quality and witness availability . . . will be served by continuing the discovery process." (Resp. at 8.) However, none of these factors prompt the court to reach a different result. In fact, the court notes that neither its nor the parties' time is well-severed by being involved in the "struggle over the substance of the suit" when, as here, a dispositive motion implicating the court's jurisdiction is pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC,* 508 F.3d 1062, 1064 (D.D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is

---

[1] The court notes that the parties appear to have been largely preoccupied in their briefing with Defendant's argument that "neither party will be [well] served by allowing discovery to proceed before [Defendant] has an opportunity to test the allegations of [Plaintiff's] Complaint through an appropriate Rule 12(b)(6) motion." (Mot. at 5.) This issue is entirely irrelevant to the present inquiry. The question here is whether Defendant's Motion to Dismiss for lack of personal jurisdiction merits a stay of discovery, not whether some hypothetical, unfiled Rule 12(b)(6) motion warrant such a stay.

an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'") (citations omitted).  Altogether, the court finds that Plaintiff's argument that the public interest favors continuing discovery is sufficiently outweighed by the prospect of burdensome and expensive discovery in what could ultimately be an improper jurisdiction.

WHEREFORE, it is

**ORDERED** that "Defendant Teflon Blood, Inc.'s Motion to Stay All Discovery Pending Resolution of Motion To Dismiss or in the Alternative To Transfer" (Doc. No. 29) is **GRANTED**.  All discovery is **STAYED** pending the district court's ruling on Defendant's "Motion to Dismiss or in the Alternative to Transfer, with Incorporated Memorandum of Law" (Doc. No. 21).  The Scheduling Conference set for May 27, 2010, and all deadlines associated with the Scheduling Conference are **VACATED**.  The parties shall file a status report within ten days of the date the district court issues its order on Defendant's Motion to Dismiss to advise whether a Scheduling Conference should be set.

Dated this 13th day of May, 2010.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge